# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                       )<br>        Plaintiff,                              )<br>                                                       )<br>v.                                                  )    Case No. CR-23-225-G<br>                                                       )<br>TARRAH LAYNE WOODS,          )<br>                                                       )<br>        Defendant.                          ) | |

## ORDER

Now before the Court is Defendant Tarrah Layne Woods' Motion for Release Pending Sentencing (Doc. No. 24). On July 14, 2023, Defendant pleaded guilty to two counts of violation of 18 U.S.C. § 922(a)(6). See Min. Entry (Doc. No. 25). Defendant is currently in the custody of the United States Marshals Service and is detained at the Grady County Detention Center in Chickasha, Oklahoma.

In her Motion, Defendant seeks to be released pending sentencing by the Court in this matter, subject to the imposition of conditions and supervision by the United States Probation Office. *See* Def.'s Mot. at 1-2. The Government has not responded to the Motion within the time permitted by local rule.

### I. *Applicable Standard*

Pursuant to 18 U.S.C. § 3143(a)(1), the court

> shall order that a person who has been found guilty of an offense and who is awaiting imposition . . . of sentence . . . be detained, unless the [court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under

section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). The statute imposes "a presumption of detention pending sentencing." *United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016). In overcoming this presumption, the defendant has the burden to prove that she "will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 46(c).

In determining whether a defendant has met her burden, the court may consider the statutory pretrial detention factors: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g); *see United States v. Wills*, No. 19-40013-03, 2020 WL 1873622, at *2 (D. Kan. Apr. 15, 2020).

## II. Discussion

As relevant to the Court's analysis, Defendant cites the following in support of her release:

- Defendant initially waived her right to a detention hearing and consented to entry of an order of detention pending trial (*see* Doc. No. 16);
- Defendant has no prior criminal history;
- Defendant is a lifetime resident of Oklahoma and has six children in Oklahoma;
- If granted release, Defendant will reside with her grandparents in Kingfisher, Oklahoma;
- If granted release, Defendant requests to be subject to GPS monitoring and to house arrest at her grandparents' home, with the exception of court appearances, attorney visits, medical appointments, and mental health appointments. Defendant "would be required to contact and obtain approval from her probation officer before every

appointment and let them know that she was leaving the property."

- Defendant would have no contact with any witness in this case; and
- Defendant would agree to any other conditions the Court and the U.S. Probation Office deemed necessary to ensure her appearance and protect the public.

Def.'s Mot. at 1-2.

As noted, Defendant's request is unopposed by the Government. Accordingly, the record before the Court presents no dispute as to Defendant's assertion that she is not a flight risk. Given the absence of any "evidence of prior flight," the Court concludes that Defendant has sufficiently established that she "is not likely to flee" if released pending sentence. *United States v. Nedd*, 415 F. Supp. 2d 1, 3 (D. Me. 2006); 18 U.S.C. § 3413(a)(1).

The Court cannot, however, conclude by clear and convincing evidence that Defendant does not present a danger to the safety of others or the community. Defendant has admitted to making false statements on two separate occasions in order to acquire a semi-automatic pistol on behalf of another person. *See* Information (Doc. No. 21) at 1-2; Plea Agt. (Doc. No. 27) at 2-3. "[A] violation of 18 U.S.C. § 922(a)(6) is a Class C felony and subjects [Defendant] among other things to imprisonment not to exceed ten years." *Nedd*, 415 F. Supp. 2d at 4 n.3 (citation omitted); *see* 18 U.S.C. § 924(a)(2). "[Defendant's] crimes are serious," "these are serious handguns, not generally associated with hunting, and [Defendant], for unclear reasons, was willing to violate federal firearms law to give them to" other individuals. *Nedd*, 415 F. Supp. 2d at 4.

For these reasons, even assuming the truth of Defendant's contentions, Defendant has failed to sustain her burden to prove by clear and convincing evidence that she will not

pose a danger to the safety of other persons or the community if released pending sentencing. *See id.*; 18 U.S.C. § 3413(a)(1); *see also id.* § 3412(g)(1); *United States v. Voog*, 702 F. App'x 692, 694 (10th Cir. 2017) ("The concern about safety of the community is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." (alteration and internal quotation marks omitted)).[1]

## CONCLUSION

Defendant Tarrah Layne Woods' Motion for Release Pending Sentencing (Doc. No. 24) therefore is DENIED. The Court ORDERS that Defendant remain detained pending imposition of sentence.

IT IS SO ORDERED this 18th day of August, 2023.

CHARLES B. GOODWIN
United States District Judge

---

[1] The Court concludes that a hearing on the Motion is not necessary to resolve the issues presented. *See United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005); *United States v. Lester*, No. CR-19-2811, 2020 WL 4016030, at *1 (D.N.M. July 16, 2020).